FRANCIS SMITH, FREDERICK A. NIMS, HIRAM J. HOYT AND DAVID D. ERWIN v. TIM BRESNAHAN, SHERIFF OF MUSKEGON COUNTY.

*Action for work and labor, under section 7317 How. Stat.—Declaration must show residence of plaintiffs in county where suit is brought.*

In a case brought under sec. 7317 How. Stat. the declaration sufficiently averred the performance of the work and labor sued for, in the county where the suit was commenced, but failed to show that plaintiffs resided in said county. The defendant did not appear.
*Held,* that the defect was jurisdictional and the judgment rendered in said suit, void.

Error to Muskegon. (Russell, J.) Argued January 7, 1886. Decided January 27, 1886.

Replevin. Defendant brings error. Affirmed.

The facts are stated in the opinion.

*A. G. Day,* for appellant :

The only question is was the judgment rendered in Newaygo County void on its face. To reject a judgment offered in evidence, the defect complained of must be jurisdictional : *Bigalow v. Carre,* 30 Mich. 1. The circuit court had the right

to take judicial cognizance of the county boundaries under its general powers and because such boundaries are described by public statutes: 1 Greenl. on Ev. sec. 6, and cases cited; 1 Whart. on Ev. sec. 339 and cases cited, and also of the residence of the parties: *Hinckley v. Beckwith*, 23 Wis. 328; it was not necessary to aver the residence of the parties because sec. 7317 How. Stat. says that "a suit may be commenced *where the labor or service was performed.*" It became the duty of the court, before rendering judgment, to ascertain where the labor was performed, or, if not in Newaygo County, then plaintiffs' residence; also the defendant's residence, which it could do either evidentially or could take judicial cognizance thereof: 23 Wis. 328; and where the jurisdiction, even of an inferior court, depends on facts which the court is required to ascertain and settle by its decision, the judgment is binding: Wells on Jurisdiction, § 61; *Evansville etc. R. R. Co. v. Evansville*, 15 Ind. 421, 423; *Schultz v. Schultz*, 60 Am. Dec. 335; *White v. Merritt*, 7 N. Y. 352; *Gates v. Preston*, 41 N. Y. 115.

*William Carpenter*, for plaintiffs:

Jurisdiction is claimed under sec. 7317 How. Stat., but the demand sued for was not *principally* for labor or services. Permitting another to inspect abstract books whereby information may be obtained, is not labor or services, but if so, it does not appear that such labor or service was rendered in the county of Newaygo, or that the plaintiffs, or either of them, were residents of that county when suit was commenced. Where it appears that the court has acquired no jurisdiction over the person of a defendant, he may take advantage of the defect at any time: *Turrill v. Walker*, 4 Mich. 177; jurisdiction could not be obtained in this case over defendants, except under the section cited, and they had a right to know from the record whether they were subject to such jurisdiction: *Denison v. Smith*, 33 Mich. 158; and unless the declaration gave them such information they were not bound to appear: *Turrill v. Walker*, 4 Mich. 185; the court having acted without authority its judgment is a nullity: *Greenvault v. Farmers' and Mechanics' Bank*, 2 Doug. 498; *Wilson v. Arnold*, 5 Mich. 98.

SHERWOOD, J. This is an action of replevin, and was brought to recover the possession of property seized by the defendant, as sheriff of the county of Muskegon, by virtue of

an execution issued out of the circuit court of the county of Newaygo, upon a judgment in a case wherein Wellington Persons and Edward Edwards are plaintiffs, and the plaintiffs in this case are defendants.

Said suit was commenced by declaration, containing the common counts, copies of which were served upon all the defendants named therein by the sheriff of Muskegon county.

None of the defendants appeared in the case; all were defaulted, and their defaults made absolute.

The plaintiffs' damages were assessed by the court, and judgment rendered thereon for the sum of $312.68 damages.

The validity of this judgment is the principal question presented in this case.

The record contains the following statement of the plaintiffs' claim in that case, and for the amount of which the judgment appears to have been rendered:

NEWAYGO, Mich, November 22, 1883.

*Messrs. Smith, Nims, Erwin & Hoyt,*
　　　　*To Persons & Edwards, Dr,*
　　*Proprietors of Abstracts of Newaygo County.*

| | | |
|---|---|---:|
| October 13, 1879.   To giving owners' names of 967 descriptions, at 25 cents per description, | - | $241 75 |
| November 18, 1879.   To search. - - - | | 1 00 |
| | | $242 75 |
| Int. from January 1, 1880, 4 yrs. 2 mos., and 10 days, at 7 per ct., - - - - - - | | 70 93 |
| | | $313 68 |

The plaintiffs claim that the Newaygo circuit court never obtained any jurisdiction in the case wherein the judgment was rendered upon which the execution issued under which the defendant makes defense; that it does not appear that the labor and services, for which the judgment was given, were rendered in the county of Newaygo, or that the defendants, or either of them, were ever residents thereof; that the circuit court for the county of Newaygo could not obtain jurisdiction over the persons of defendants by service of

declaration upon them in an adjoining county, except under the circumstances stated in How. Stat. § 7317.[1]

The declaration contains the common counts, one of which is a count for work and labor; and it is averred therein that the work was done for the defendants, by the plaintiffs, in the village of Newaygo, in said county of Newaygo, and at their request, and there is no question but that the county of Muskegon adjoins that of Newaygo.

We think the record offered in evidence sufficiently shows that the work declared for, was performed in the county of Newaygo, and that it was performed by the plaintiffs for the defendants; but it does not show that the plaintiffs were, at the time the suit was commenced, residents of the county of Newaygo. This was essential in order to confer jurisdiction upon the court to render judgment, when the service is made out of the county.

The defect is a jurisdictional one, and the judgment in the Newaygo circuit is therefore void, and furnished no justification for the sheriff, and the judgment of the circuit court must be affirmed with costs.

The other Justices concurred.

---

[1] "Sec. 7317. *The People of the State of Michigan enact,* that in all actions for trespass on lands, or injuries to lands, or for the unlawful conversion of any crops, and in all actions wherein the demand shall be principally for labor or services performed by any individual, company, or commenced in any court of competent jurisdiction in the county wherein the lands may be situated, or wherein the labor or services were rendered or performed, or in which the plaintiff or plaintiffs reside, the process or declaration by which such action shall be commenced may be served in any county within this State adjoining the county wherein such action shall be commenced, against any individual, company, or the proper officer of any corporation in this State: *Provided,* that if such service shall be made in any county other than the county wherein such action shall be commenced, service shall be made by the sheriff or any constable of the county wherein service shall be made, or by any person authorized to make such service; but the officer making such service shall be entitled to travel fees only for the distance actually traveled within his own county in making such service. and he shall return the process or declaration by mail; and *Provided, further,* that in case any person shall [be] summoned into an adjoining county, and shall prevail in the suit, he shall recover as costs his actual expenses in defending the suit, but no attorney's fee exceeding that now allowed by law; *Provided,* that the provisions of this act shall not be construed to apply to actions commenced before justices of the peace by any company or corporation."