Wash, J.,
delivered the opinion of the Court.
This was an action of ejectment, brought by Jamison against Blanfoft in the Lincoln Circuit Court, in which Jamison obtained a judgment by default, to reverse which, Blanton now prosecutes his writ of error in this Court.
Several points have been raised by the counsel for the plaintiff in error, in which the second only will) be considered by the Court, viz: whether the Sheriff’s return on the summons shows a legal and sufficient service.” The return is in these words ; “ I served the within summons on Benjamin Blanton, the defendant, by going to his house and leaving a true and attested copy of the summons and declaration with Lovel Harrison, a white person of said Blanton’s family, above fifteen yeaTs of age-, on the 23d day of Sept., 1829, in Hurricane township, Lincoln county.”
By the 5th sec. of “ an act to regulate proceedings at lavs,” Rev. Code, p. 623, it Is provided, “ that the service of a summons shall be by reading the writ or declaration, petition or statement to the defendant, or By leaving a true and attested copy of the same, at the dwelling house or place of abode of the defendant, with some white person oí' the family at least fifteen years of age, or by delivering him a copy of such. writ and declaration, petition or statement.” Every word of the return may he true, and yet the service have been made in a manner very different from that prescribed in the statute. The Sheriff may not have gone to the dwelling house of Blanton, or lie may not have left the copy at the dwelling, house or plojge of abode.. *39 It is fair to infer every thing against the r.eturn, which its departure from the statute wiil warrant, and which w.e are not precluded from doing by its terms; and the sen-vice was clearly insufficient if made by leaving a copy elsewhere than at the dwell? ing house or place of abode. The judgment of the Circuit Court is therefore erro? neous, and must be reversed, with costs, and the cause remanded.