ELIAS C. STEWART and EDWARD C. CUNNINGHAM, Respondents, v. WILLIAM STRINGER, ELIZABETH STRINGER, and JOSEPH W. RUENZI, Appellants.

1. *Practice—Appeals—Record—Amendments.*—After an appeal from the Circuit Court is prayed for and allowed, the record cannot be changed or altered by either party, nor can an entry be filed *nunc pro tunc ;* and no addition can be made to the record, the court below ceasing to have any jurisdiction over it.

2. *Practice — Process — Effect of Sheriff's Return.*—Where the return of process served by the sheriff is regular upon its face, it is conclusive upon the parties to the suit, and the remedy of the party injured is by an action for a false return against the officer.

3. *Practice—Process—Constructive Service.*—Where the statute provides for constructive service of process, the terms and conditions prescribed for such service must be strictly complied with. Several defendants cannot be constructively served with a writ by leaving only one copy for all at the usual place of abode.

*Appeal from the St. Charles Circuit Court.*

*Wm. A. Alexander*, for appellants.

The judgment in this suit is founded on an error of fact, and may be set aside on motion at any time. There is no limitation in our statute book to proceedings to correct such judgments—Powell v. Gott, 13 Mo. 458; Randall v. Wilson, 24 Mo. 76.

The sheriff had a right by leave of court to amend his return to suit the facts at any time—Randalls v. St. Bt. Wm. Pope, 19 Mo. 157; Corby, Ass., &c. v. Burns et als., 36 Mo. 194; Webster et al. v. Blunt et al., 39 Mo. 500.

The court ought to have admitted the evidence showing that Joseph W. Ruenzi never had any family, and was not a resident of the State at the time of the (pretended) service of the writ, as returned by the sheriff, dated February 12, 1862—Wendell v. Mugridge, 19 N. H. 109; Walton v. Parsons, 4 McCord, (S. C.) 368; Watson et al. v. Watson, 6 Conn. 334; Owens v. Ranstead, 22 Ills. 161.

An action on a sheriff's bond for a false return is not always an adequate remedy, and a judgment obtained by a false return will be set aside—Owens v. Ranstead, 22 Ills. 161.

In this case there could be no suit on the sheriff's bond, it being more than three years from the date of the return of service of said writ to the time when Joseph W. Ruenzi found out or had any notice of the existence of the suit, or the return thereon by the sheriff—Limitation Act, R. C. 1855, § 4, p. 1048. In this case there were three defendants. The return shows service on the defendant Wm. Stringer, but does not show legal service on the other two defendants, Elizabeth Stringer and Joseph W. Ruenzi. As to the two last named defendants, the return is, "did leave a copy of the writ for Elizabeth Stringer and Joseph Ruenzi at their place of abode, with a free white person, a member of the family of the two other within named defendants, a free white person over the age of fifteen years old."

R. C. 1855, p. 1223, § 7, provides for the service of the summons where there are several defendants. The law requires the officer to leave a copy of the writ for each defendant. Under sec. 8, there could be no constructive service on the defendants unless they had families ; that is, where there is no personal service, there can be no service at all on the defendants unless they have families. The copy for the defendant must be left with a member of his or her family. The statute requires the copy to be left at the usual place of abode of the defendant, whereas the return states the copy was left at the place of abode, &c. Where there is a substitute for personal service, the mode prescribed must be strictly followed, and the return must show fully a literal compliance with all the requirements of the law—1 Morris (Io.) 357 ; 25 Mo. 410.

*Lewis & Bruere,* for respondents.

No case was presented within the statute for a setting aside of the judgment even if the proper course to that end had been adopted. There was no petition for a review, either in form or substance, as required—R. C. 1855, p. 1280, § 13, & p. 1281, § 16.

The plea of infancy being one of personal privilege merely, was waived by the failure to answer, and could not be set up in any shape after judgment.

It was not competent for the defendant to contradict the sheriff's return on the summons, and testimony for that purpose was properly excluded—Diller v. Roberts, 13 Serg. & R. 64 ; Trigg v. Lewis, 3 Litt. (Ky.) 129; U. S. v. Lotridge et al., 1 McLean, C. C. R. 246 ; Newhall v. Provost, 6 Cal. 85 ; Hallowell v. Page, 24 Mo. 493 ; Bush, Ass. v. Page, 24 Mo. 495 ; Delinger's Adm'r v. Higgins, 26 Mo. 180 ; Bank of Mo. v. Bray et al., 37 Mo. 196 ; 4 Mo. 228; 4 Mo. 315; Ellington v. Moon, 17 Mo. 424.

If the appellant be permitted by this court to show that the sheriff's return was amended after the appeal to this court was perfected, the following authorities will be in point:

See v. Bobst, 9 Mo. 28 ; Fairfield v. Payne, 23 Me. 498, 508; Thatcher v. Miller, 13 Mass. 270; Pilkey v. Gleason, 1 Clarke, (Io.) 85 ; White R. Bk. v. Dooner, 29 Vt. 332.

Neither the statute (R. C. 1865, p. 70, § 6) nor the settled policy of the law admits of any amendment after judgment otherwise than in affirmance of the judgment and to prevent its subsequent impeachment. Such amendments are never allowed with the object of impairing or destroying the validity of proceedings.

WAGNER, Judge, delivered the opinion of the court.

This appeal is prosecuted from a judgment of the St. Charles Circuit Court overruling a motion to set aside a prior judgment rendered therein. It appears from the record that at the March term, 1862, of the said court the plaintiffs recovered judgment on a promissory note against the defendants William Stringer, Elizabeth Stringer, and Joseph W. Ruenzi. There was no appearance to the action on the part of the defendants, and judgment was taken by default. At the November term, 1865, of the court, upon due notice given to the plaintiffs, Ruenzi presented his motion to set aside the judgment, and assigned for reasons that the judgment was rendered on a note executed before he had arrived at the age of maturity and while he was yet a minor, and that the suit was brought before he was twenty-one years old ; that the return on the writ in said cause showed service on him by delivering a copy to a white member of his family at his place of abode, when in fact he had no family, and at the time of the so-called service he was not a resident of St. Charles county, and had no information, knowledge or notice of the said suit or judgment until within a few weeks past, and never answered or appeared in said cause.

Subsequent to the taking of the appeal in this case, the sheriff appeared in the Circuit Court and amended his return, making it conform to the fact set out in the motion, that Ruenzi was not found in St. Charles county, and we are now asked to permit a transcript of this amended return to

be used and taken as a part of the record in this court. This we cannot do. After an appeal is prayed for and allowed, the record cannot be changed or altered by either party: an entry cannot be filed *nunc pro tunc*, and no addition can be made to it. The court below has ceased to have any jurisdiction over it—Ladd et als. v. Couzins, 35 Mo. 513.

The only question deemed material in the case is as to the sufficiency of the sheriff's return. The courts of some of the States have held that a sheriff's return is merely *prima facie* evidence of the facts therein stated; but the law is firmly settled in this State that a defendant cannot controvert the truth of a sheriff's return. If the return of a sheriff to process is regular on its face, it is conclusive upon the parties to the suit, and the remedy for the party injured is an action against the sheriff for a false return—Hallowell v. Page, 24 Mo. 590; Delinger v. Higgins, 26 Mo. 180.

The return here is as follows: " Executed the within writ and petition on the within named defendant William Stringer, by delivering to him a true copy of the within writ and petition; and also did, on the same day and at the same time, leave a copy of the writ for Elizabeth Stringer and Joseph Ruenzi, at their place of abode, with a free white person, a member of the family; of the two other within named defendants, a free white person over the age of fifteen years old, in St. Charles county, Missouri, on the 13th day of February, 1862.—Charles B. Branham, sheriff."

The revised statute of 1855 (R. C. p. 1223, § 7) provides that service may be made, where there are several defendants, by delivering to the defendant who shall be first summoned a copy of the petition and writ, and to such as shall be subsequently summoned a copy of the writ; or by leaving such copy at the usual place of abode of the defendant with some white person of his family over the age of fifteen years. The service and return were both plainly irregular and defective. The writ purports to have been delivered, according to the return, to one person, a white member of the family of both defendants at one and the same time.

Now a person cannot be a member of two families at the same time, and it appears that but one writ was left for the two defendants, when the statute contemplates that a separate writ should be left for each of the defendants last served.

When the statute provides for constructive service, the terms and conditions of such service must be complied with. Such being the fact, and there being nothing to show that Ruenzi was ever served with process, and having had no day in court, we think his motion should have been entertained.

The judgment will be reversed, and the cause remanded. Judge Holmes concurs. Judge Fagg absent.