LOUIS GAMASCHE, TO USE OF FRANK M. ESTES, Respondent, v. B. M. SMYTHE et al., GARNISHEES OF THE GRAND LODGE OF THE BROTHERHOOD OF RAILROAD TRAINMEN, Appellants.

St. Louis Court of Appeals, January 2, 1895.

1. **Constructive Service of Summons:** SUFFICIENCY OF RETURN. A return of the constructive service of a summons must strictly comply with the statutory requirements. It will not be aided by intendment, and will be insufficient if every fact stated in it may be true without showing a statutory service.

2. ———: ———: SERVICE ON FOREIGN CORPORATION. This rule is applied in this cause to the service of a summons on a foreign corporation, and under it the service is held inadequate.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

REVERSED AND REMANDED.

*Geo. E. Smith* for appellants.

The same rule in respect to corporations obtains everywhere. The officers' return must show that service was made upon the identical officer or agent of the corporation pointed out by the statute. And where there is no appearance and the judgment goes by default, the return is strictly construed in all courts when drawn in question. *Alexandria v. Fairfax*, 95 U. S. 774; *Kennedy v. Society*, 38 Cal. 151; *Railroad v. Miller*, 87 Ill. 45; *Reddington v. Mining Co.* 19 Hun, 405; *Lake Shore Co. v. Hunt*, 39 Mich. 469; *Upper Miss. Trans. Co. v. Whittaker*, 16 Wis. 220; *Cherry v. Railroad*, 59 Ga. 446; *O'Brien v. Shaws' Flat Co.*, 10 Cal. 343; *City of Watertown v. Robinson*, 59 Wis. 513; *Aiken v. Mining Co.*, 6 Cal. 186; *Blanc v. Paymaster Mining Co.* 95 Cal. 524; *Scorpion S. M. Co. v. Marsano*, 10 Nev. 370; *Chambers v. Manufactory*, 16 Kan. 270; *Mexican Central Railroad v. Pinckney*, 149 U. S. 194; *Taylor v. Granite State Provident Ass'n*, 136 N. Y. 343.

*J. C. Terry* for respondent.

The service was good. *Boergraefe v. Knights of Honor*, 22 Mo. App. 127; Freeman on Judgments, sec. 126; *Perry v. Woodson*, 33 Mo. 348; *Lafayette Ins. Co. v. French*, 59 How. Pr. 404; *St. Clair v. Cox*, 16 Otto, 350; Murfree on Foreign Corporations, secs. 197, 215 and 216; *Taylor v. Granite State Ass'n*, 20 N. Y. S. C. 135; *Barrett v. Tel. Co.*, 10 N. Y. S. C. 138; *Palmer v. Penn Co.* 35 Hun, 369; *Burgess v. Aultman*, 80 Wis. 292.

ROMBAUER, P. J.—The plaintiff obtained a judgment upon default against the Grand Lodge of the Brotherhood of Railroad Trainmen, a foreign corporation, and caused the defendants to be summoned as garnishees of the corporation. The garnishees by

answer attacked the validity of the judgment and execution, upon which they were garnisheed, by setting up that the same were void for want of service of process on the judgment defendant. The court overruled this objection, and rendered judgment against the garnishees, who appeal and complain that such ruling was erroneous.

The statute, authorizing service on foreign corporations, doing business in this state, provides that such service shall be made by delivering a copy of the writ and petition to any officer or agent of such corporation in charge of any office or place of business, or, if it has no office or place of business, then to any officer, agent or employee in any county where such service may be obtained. The question for decision is, whether the service of the summons in this case complies with the requirement of the statute.

The amended return of the service by the sheriff, on which this question arises, is in the following words: "Executed this writ in the city of St. Louis, Missouri, on the twenty-sixth day of October, 1892, by delivering a copy of the writ and petition, as furnished by the clerk, to R. M. Cartwell, Master of Future Great Lodge, Number 45, of the Brotherhood of Railroad Trainmen, the within named defendant, who was in its business office and had charge thereof at the time of said service; the president or any higher chief officer could not be found in the city of St. Louis, Missouri, at the time of said service." The objection made to this return is that it nowhere appears therein that the service was made either on an officer, agent or employee of the defendant, or that it was made upon any officer or agent of the defendant in charge of any office or place of business which the defendant had in this state.

When the statute provides for constructive service, the terms and conditions of such service must be strictly

complied with, and nothing can be left to intendment or inference; nor can such a return be aided by extrinsic evidence. The rule on that subject in this state has always been exceedingly strict. In *Blanton v. Jamison*, 3 Mo. 52, it was held that a return in the following words, "I served the within summons on Benjamin Blanton, the defendant, by going to his house and leaving a true and attested copy of the summons and declaration with Lovell Harrison, a white person of said Blanton's family, etc.," was insufficient, because it did not appear thereby that the copy was left *at* the dwelling house or place of abode of the defendant, although it was clearly inferable that it was so left. In *Stewart v. Stringer*, 41 Mo. 400, the return read: "Did leave a copy of the writ" for two of the defendants "at their place of abode, with a free white person, a member of the family of the two other within named defendants." It was held that the service was void, because it appeared that only one writ was left for the two defendants, while the statute contemplates that a separate writ should be left for each. In *Brown v. Langlois*, 70 Mo. 226, the return showed that the copy of writ and petition were left at the defendant's usual place of abode when in the city of Cape Girardeau, and it was held that a judgment by default obtained on such a petition was a nullity. The statute requires service at the usual place of abode, and not at the usual place of abode in a certain city. In *Madison County Bank v. Suman*, 79 Mo. 528, it was held that a return of service at the last usual place of abode was insufficient to confer jurisdiction, and the following expression used in *Blanton v. Jamison, supra*, is quoted with approval: Constructive service of notice is strictly construed, and "everything may be inferred *against* the officer's return, which its departure from the description of the statute will warrant." In *Hill v. St. Louis Ore and Steel Company*, 90 Mo. 103, where the

return stated that the writ was left at the office of the company, omitting to state, as the statute requires, that it was a *business* office, two of the judges of the supreme court were of the opinion that the return was fatally defective. The case of *Cloud v. Inhabitants of Pierce City*, 86 Mo. 357, is important only in so far as it applies the same strict rule to a case where the judgment is collaterally attacked by one of the parties thereto, which in the foregoing cases was applied to direct proceedings brought to vacate the judgment. In *Haley v. Railroad*, 80 Mo. 112, the statute provided service on the "nearest station or freight agent," and the return, which showed service on the "nearest agent," was held insufficient.

We have cited these cases, and might cite many others, to show that a return of constructive service can not in this state be aided by intendment. Words contained in it, which make its import doubtful, can not be rejected as surplusage, nor can words omitted therein be supplied. If the return does not follow the language of the statute, and its terms can receive a reasonable interpretation which makes the return insufficient, that interpretation must prevail and not one which with equal reason would make the return sufficient. A defendant brought in on constructive service should not be placed in a position, where the officer's return can be read one way to uphold the judgment, and another way when the officer is sued for a false return. The meaning of the return should not depend on its punctuation, so as to make its reading depend on the exigencies of the case like that of the oracular answer, *"Ibis redibis nunquam per bella peribis."*

When we apply these views in determining the sufficiency of the return in the case at bar, we must adjudge it insufficient. It does not follow the language of the statute. It fails to show that the defendant had

no office in this state, and does not state, either in direct terms or by *unavoidable inference*, that the summons was served upon an officer or agent of the defendant in charge of any of its offices. Every fact stated in the return may be true without showing any statutory service upon the defendant, and that fact, under every decision in this state, makes the return bad.

It is argued in opposition to this view that we ought to take judicial notice of the fact that the office of "Master" is a well known office in these lodges, and that a subordinate lodge is the agent of a grand lodge. The case of *Borgraefe v. Knights of Honor*, 22 Mo. App. 127, is cited in support of the second contention. The argument loses sight of the fact that in the *Borgraefe case* the record disclosed the exact relation existing between the subordinate lodges and the grand lodge. What was said on that subject in that case was based upon the record before the court, and not upon judicial notice. The argument made is one asking us to help the return by intendment, which, as above seen, can not be done. Any argument based upon the statute of jeofails is inadmissible, since the very provision of that statute, which is now invoked in aid of the judgment, was in force when the cases above set out were decided.

It results that the judgment must be reversed and the cause remanded. So ordered. All concur.