BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS

AT THE

MARCH TERM, 1902.

---

MARY VICKERY et al., Defendants in Error, v. OMAHA, KANSAS CITY & EASTERN RAILWAY COMPANY, Plaintiff in Error.

St. Louis Court of Appeals, March 1, 1902.

1. **Process: SERVICE OF, ON RAILWAY CORPORATION: DEFECTIVE RETURN.** The following return, "I executed this writ in the county of Marion and State of Missouri, on the twenty-seventh day of April, 1900, as directed by Wm. R. Anderson, the attorney, for the within named plaintiffs, by delivering to, and leaving with, Z. Dice a copy of this summons, together with a copy of the petition attached thereto, at and within the West Quincy station, said Dice being then and there the person in charge thereof, and said station being a regular station and business office on the line of the Omaha, Kansas City & Eastern railroad where the usual and ordinary business of said railroad is regularly transacted, the president, or chief officer, of said company not being found in said county of Marion," avoids the statement that defendant had a business office or that the sheriff served the summons by leaving a copy with a person in charge of a business office of the defendant in Marion county, and fails to show that any notice, defective or otherwise, of the suit was served on the defendant.

2. ———: ———. And in the case at bar, in order to adjudge that the return is sufficient to have given the trial court jurisdiction

over the person of defendant, the appellate court must hold that the Omaha, Kansas City and Eastern railway, and the railroad company of the same name are identical. This an appellate court can not do.

3. **Jurisdiction.** Every fact necessary to confer jurisdiction on a court to hear and determine a cause must affirmatively appear in its proceedings.

4. ————: DEFECTIVE SERVICE. A defective service may sometimes confer jurisdiction, but where there is no service, no jurisdiction is conferred.

Appeal from Marion Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED *(with directions).*

*J. G. Trimble* for plaintiff in error.

(1)   The first count of the petition alleges the cause of the frightening of the horses, the escape of steam. The second count alleges as the cause of the injury the failure to blow the whistle or ring the bell. Proof of one would disprove the other. These counts are, therefore, fatally inconsistent and it was error to enter a general judgment as it is impossible to tell which count the court found to be true. Rutledge v. Railroad, 110 Mo. 312; Roberts v. Railroad, 43 Mo. App. 287; Byington v. Railroad, 147 Mo. 673.   (2) The petition does not state facts sufficient to constitute a cause of action.   (a)   It does not allege defendant's employees could have controlled the escape of steam. It is a matter of common knowledge that safety valves work automatically and are not under the control of the engineer. It is also a matter of common knowledge that escape of steam from safety valves is a usual and ordinary occurrence in the movement of engines, and that the running of a locomotive without automatic safety valves would be extremely hazardous.   (b)   It does not allege that the noise made by the escaping steam was

unusual or unnecessary.    (c)    If the escape of steam were under control of defendant's engineer there is no allegation that he knew of plaintiff's proximity or that the noise would probably frighten the horses.    (3)    There was no service of summons upon the defendant.. The sheriff's return is void on its face.    It does not state that Z. Dice was an agent of the defendant, nor that the station was a station or business office where business of the defendant was transacted.    Williams v. Monroe, 125 Mo. 574; Laney v. Garbee, 105 Mo. 355; Bank v. Suman, 79 Mo. 530; Brown v. Langlois, 70 Mo. 226.    The return and the testimony introduced on hearing of the motion to set aside interlocutory judgment show such a state of facts as would preclude defendant from having a station at West Quincy.    Heath v. Railroad, 83 Mo. 617. (4)    Appearance to move to set aside interlocutory judgment is not such an appearance as would constitute a waiver of service as would give the court jurisdiction.    Anderson v. Brown, 9 Mo. 646; Smith v. Rollins, 25 Mo. 408.

*W. R. Anderson* for defendants in error.

(1)    Where there is but one cause of action stated in a different manner in two counts, constituting separate statements to meet possible state of facts developed in the evidence, a general verdict will be upheld if there is but one good count in the petition.    Campbell v. King, 32 Mo. App. 38; Brownell v. Railroad, 47 Mo. 239; Owens v. Railroad, 58 Mo. 386.    (2)    When a general verdict is erroneously rendered, the party wishing to avail himself of the error must by an appropriate motion bring the matter before the court which tried the case.    The appellate court will not reverse for failure of the trial court to find separately on each count of the petition when such alleged error is not covered by motion in arrest.    Bigelow v. Railroad, 48 Mo. 516; Collins v. Bannister, 48 Mo. 435; Bing v. Paint & Glass Co., 44 Mo. App. 111;

Klass Com. Co. v. Railroad, 80 Mo. App. 164; Wells v. Adams, 88 Mo. App. 216. (3) It is the duty of the engineer to be on the lookout at all crossings. The cases of Worthington v. Railroad, 72 Mo. App. 162, and Meriwether v. Railroad, 45 Mo. App. 528, are in no particular analogous. The counts are not inconsistent and the proof of one does not necessarily disprove the other. The defendant was guilty of negligence in its failure to ring the bell or blow the whistle, giving no warning of the approach of the train, and when at the point of crossing made such great noise and shrieks as to .cause the horses to run away—a case of double negligence— both contributing to the cause of the injury. It was the voluntary act of the engineer. (4) Touching the allegation in appellant's brief that there was no service of summons upon the defendant, respondents say that the sheriff's return in every particular conforms to the requirements of the statute. R. S. 1899, p. 332, sec. 995. The statement made to the sheriff by the person upon whom he made the service and its addenda to the return is merely surplusage. The return in this case is not analogous to the one in the case of Heath v. Railroad, 83 Mo. 617, which was under a different provision and was not served according to the terms of the law. In this case the summons was executed as the law directs and concludes the defendant.

BLAND, P. J.—Defendant is a railroad corporation. The judgment was by default. After an unsuccessful motion to set aside the default judgment, defendant appealed.

One of the contentions of appellant is, that there was no service of process of summons on defendant and that the court acquired no jurisdiction over the person of the defendant.

The sheriff's return on the summons is as follows:

"I executed this writ in the county of Marion and State of Missouri on the twenty-seventh day of April, 1900, as di-

rected by Wm. R. Anderson, the attorney for the within named plaintiffs, by delivering to, and leaving with, Z. Dice a copy of this summons, together with a copy of the petition attached thereto, at and within the West Quincy station, said Dice being then and there the person in charge thereof and said station being a regular station and business office of the line of the Omaha, Kansas City & Eastern railroad where the usual and ordinary business of said railroad is regularly transacted, the president or chief officer, of said company not being found in said county of Marion.

"I was informed by said Dice, at the time of said service, that said railroad, and the business thereof, was then being operated and conducted by Charles H. Chappell and James Hopkins, receivers of said railroad, appointed by the circuit court of the United States for the western district of Missouri; that said station and business office was the station and business office of said receivers and not the station and business office of the defendant railroad company, and that he, said Dice, was in charge of said business office and station as station agent for said receivers and not as agent for said defendant railroad company."

"E. SIMMS O'CONNOR,
"Sheriff of Marion County, Missouri."

I.   The sheriff in his return studiously avoided the statement that defendant had a business office or that he served the summons by leaving a copy with a person in charge of a business office of the defendant in Marion county. He states that Dice had charge of a business office on the line of the Omaha, Kansas City & Eastern railway where the usual and ordinary business of said railroad is regularly transacted, but he nowhere states that this office was the office of the defendant company as he should have done. Gamasche v. Smythe, 60 Mo. App. 161. The explanation of his failure to connect the

defendant company with the railroad is found in the *addendum* to his return.

II.   The word "railroad" from its context may sometimes be construed to mean "railroad company," but there are no connecting words in the return of the sheriff to warrant the word "railroad" as used in the return to mean "railroad company."   In order to adjudge that the return is sufficient to have given the trial court jurisdiction over the person of defendant, we must hold that the Omaha, Kansas City & Eastern railroad and the railroad company of the same name are identical.   To do so would require a most liberal construction of the return, whereas the law requires that the return of an officer, showing or attempting to show constructive service, should be strictly construed.   Blanton v. Jameson, 3 Mo. 52; Stewart v. Stringer, 41 Mo. 400; Bank v. Suman, 79 Mo. 527; Gamasche v. Smythe, supra.   A railroad is an object, a thing; a company of the same name is a body corporate, a person in law.   Identity of name might ordinarily indicate that the corporation owned and operated the railroad but it is not legal evidence of these facts.   Every fact necessary to confer jurisdiction on a court to hear and determine a cause must affirmatively appear in its proceedings.   Laney v. Garbee, 105 Mo. 355; Cloud v. Inhabitants of Pierce City, 86 Mo. 357.

A defective service may sometimes confer jurisdiction (Thompson v. Railroad, 110 Mo. l. c. 155), but where there is no service, no jurisdiction is conferred.   The return fails to show that any notice, defective or otherwise, of the suit was served on the defendant.

On the hearing of the motion to set aside the judgment, the defendant introduced and read in evidence a certified copy of an order made by Hon. Amos M. Thayer, judge of the United States circuit court in and for the northern division of the eastern district of Missouri, made on January 2, 1900, in a suit by the receivers of the Kansas, etc., railroad company

against the Omaha, Kansas City & Eastern Railroad Company et al., appointing Charles H. Chappell and James Hopkins receivers of said Omaha, etc., railroad and a subsequent order made by the same judge on January 17, 1900, relieving said. receivers of giving further bond. So that it presumptively appears that when the sheriff served the summons by leaving a copy with Dice, the railroad with all of its appurtenances was in the possession and under the control of the receivers and that the station, of which Dice was in charge, was at the time a business office of the receivers and not of the defendant.

The motion to set aside the judgment should have been sustained. We reverse the judgment with directions to the circuit court to set aside its order overruling the motion, to reinstate the motion, to sustain it and to set aside the judgment. *Goode, J.,* concurs in the first paragraph; *Barclay, J.,* not sitting.