## FIDELITY & DEPOSIT COMPANY OF MARYLAND, Plaintiff in Error, v. SCHUCHMAN et al.

**Division One, June 15, 1905.**

1. **PRACTICE: Irregularities in Judgment.**  Ordinarily the appellate court will not entertain a writ of error to correct an irregularity in the judgment, but will require the complaining party to bring his proceeding in the trial court, as the statute authorizes him to do.  But where three years have gone by since the judgment was rendered and plaintiff in error can have no remedy in the trial court, this court will entertain his writ of error timely sued out.

2. ———: ———: **Suit on Bonds.**  Where the suit is on a bond for the doing of a collateral thing, such as the statute contemplates shall be merged in a judgment and that execution shall issue for the amount of the damages assessed and the judgment shall stand as security for further breaches, the judgment should not declare that it is to be satisfied on the payment of the damages assessed; and if it does so declare, plaintiff is entitled to have it corrected so as to make it a security for further breaches.

3. ——: ——: ——: **Lease: Merger.** Where the lessee for ninety-nine years agreed, among other things, to pay taxes, and a bond was given by him to fulfill his contract, and suit is brought on that bond for failure to pay the taxes for one year, the bond became merged in the judgment, and that judgment should not be satisfied on the payment of the damages assessed for that breach, but manifestly should stand as security for further breaches. The bond being coextensive with the lease, the judgment into which it was merged should also be coextensive with the lease.

Error to St. Louis City Circuit Court.—*Hon. Franklin Ferriss,* Judge.

REVERSED AND REMANDED (*with directions*).

*Robert L. McLaran* for plaintiff in error.

(1) There are three kinds of bonds at common law: 1. A simple bond, which is an obligation to pay a certain sum to a named obligee on demand or on a day certain. 2. A penal bond, conditioned for the payment of money, which was an obligation to pay a certain sum, on a certain day, under penalty of a larger sum. 3. A penal bond, conditioned to do a collateral thing, which was an obligation to pay a named sum of money upon condition that if a stipulated collateral thing be done or omitted the obligation shall be void. Burnside v. Wand, 170 Mo. 531; 2 Blackstone's Com., 340; 3 Minor's Institutes, p. 355. (2) Under the Missouri statute, sections 471-473 Revised Statutes 1899, in a suit upon the third kind of bonds above mentioned, the judgment is for the penalty of bond, with execution for damages for past breaches, and the judgment stands as security for further breaches. Burnside v. Wand, 170 Mo. 548; R. S. 1899, secs. 468-477; Dent v. Davidson, 52 Ill. 109; Goodrick v. Yale, 97 Mass. 15; Bishop v. Freeman, 42 Mich. 533; Bowin v. Hallet, 1 Cairns 517. (3) The bond sued on in this case, a certified copy of which appears in the record, is a penal bond conditioned to secure the performance of the covenants and written

agreements contained in the lease executed by Rutledge. And, hence, under the Missouri statutes, as well as under the similar English statute, a judgment obtained on a single breach remains as security for further breaches. Burnside v. Wand, 170 Mo. 531; R. S. 1899, secs. 408, 477; Clark v. Goodwin, 1 Blackf. 74; Wilson Sewing Machine Company v. Lewis, 10 Ill. App. 191; Dent v. Davidson, 52 Ill. 109. (4) Upon plaintiff's recovery in the lower court it was the positive duty of the trial judge to render judgment for the penalty of bond, with execution for the damages assessed, and to so enter said judgment that it would stand as a security against any further breaches. This is the only form of judgment which could legally be entered in such a case, and any other entry is reversible error. R. S. 1899, secs. 471, 473; Burnside v. Wand, 170 Mo. 531; Cochran v. Cooper, 79 Mo. 467; Towner v. Wells, 8 Ohio 136. (5) The trial court, in undertaking to order that the judgment obtained herein be satisfied upon the payment of the damages assessed, apparently exhausts all liability on the bond executed by defendant. And on its face such an order might be set up as a defense to any further action which might be brought for additional breaches. Hence, if said judgment is not set aside and re-entered in proper form, plaintiff may be deprived of that security against future breaches, to which it is entitled by the express wording of the statute.

*Barclay & Fauntleroy* for defendant in error.

MARSHALL, J.—This is a proceeding in equity for the correction and reformation of a certain indemnifying bond for $20,000, given by the defendant Schuchman to the defendant Viernow, dated June 30, 1897, and by the defendant Viernow assigned to the plaintiff on the fifteenth of September, 1898. The

prayer of the petition is, that the bond be corrected and reformed, and that the plaintiff have judgment for $20,000, the penalty of the bond, and that execution issue for the sum of $3,940, damages for the breach of the bond, and for interest from March 30, 1899.

The circuit court entered a judgment correcting the bond as prayed and further ordered "that the plaintiff recover of the defendant Gustavus Schuchman, the sum of $20,000, the penalty of the bond sued on, together with its costs and charges herein expended, and that its damages be assessed at the sum of $5,104.55 which includes an attorney's fee of five hundred dollars; and it is further ordered and adjudged that plaintiff have execution against said defendant Gustavus Schuchman for said sum of $5,104.55, its damages so assessed as aforesaid, together with its costs, and that the judgment be satisfied upon the payment of said sum." The abstract of the record shows that the defendant Schuchman filed a motion for new trial; that the same was overruled, and that on the first of February, 1902, said defendant appealed the case to this court, and was given time in which to file a bond and a bill of exceptions. The records of this court show that no such appeal was ever filed in this court and that no steps whatever were taken thereon in this court. The return of the circuit clerk to the writ of error herein, certifies the fact to be that no appeal bond and no bill of exceptions were filed in said cause. The judgment appealed from was rendered by the circuit court on the twenty-second of February, 1902. Thereafter, on the twentieth of January, 1903, the plaintiff sued out this writ of error, and now asks this court to reverse the judgment and remand the cause to the circuit court with directions to re-enter the judgment so that it shall read, that the plaintiff have execution for the damages assessed, and that the judgment shall remain as a security for further breaches of the bond, instead of reading,

that the judgment be satisfied upon the payment of the damages.

## I.

Ordinarily this court would not grant the relief sought, but would leave the parties to their statutory remedy, under section 795, article 9, chapter 8, Revised Statutes 1899, to have the judgment corrected by the trial court, on motion, for irregularity. Under the statute aforesaid, such action cannot be taken in the trial court after the expiration of three years after the term at which the judgment was rendered. That time has now expired. The writ of error herein was sued out within one year after the judgment was entered, in conformity to section 837, article 12, chapter 8, Revised Statutes 1899. Unless, therefore, the plaintiff is granted the relief sought in this proceeding, it will be remediless in the premises.

The bond sued on is such a bond as is contemplated by section 473 et seq., article 1, chapter 6, Revised Statutes 1899, and is a bond conditioned to do a collateral thing. It is, therefore, such a bond as the statute contemplates shall be merged in the judgment and execution issued for the amount of the damages assessed, and the judgment shall stand as security for further breaches. The judgment of the circuit court, therefore, to the effect that the plaintiff should recover the penalty of the bond, that execution should issue for the damages assessed, and that upon payment of the damages the judgment shall be satisfied, did not comply with the requirements of the statute. The plaintiff is, therefore, entitled to the relief sought, and, under the circumstances, that relief can only be granted by this court under this writ of error, and to prevent a failure of justice, the relief should be granted.

The case is here upon the record proper, and the point involved appears upon the face of the record proper.

The facts shown by the record proper are: that in May, 1896, Robert Rutledge, as trustee, leased to the Tacoma Building Company, for a term of ninety-nine years, certain premises in the city of St. Louis. The lease, *inter alia*, required that the lessee should pay the taxes, and should erect a building on the premises to cost not less that one hundred thousand dollars. The defendant, Viernow, was the principal, if not sole, owner of the stock of the Tacoma Building Company. To secure the performance of the terms of the lease, the Building Company executed to the lessor a bond, and the plaintiff herein became the surety on the bond. Thereafter Viernow transferred all his interest in the Building Company to the defendant Schuchman and took from him the indemnifying bond here sued on. The Building Company failed to comply with the terms of the lease, in that, it failed to pay the taxes for the year 1896, amounting to $2,801.12. The lessor brought suit against the Building Company and the plaintiff as surety, and recovered damages for $3,165.-84. The surety paid the judgment, and, thereupon, Viernow assigned to the plaintiff the bond he had taken from the defendant Schuchman, and the plaintiff brought this suit upon the same, with the result hereinbefore stated.

It thus appears that the lease was for a term of ninety-nine years and that the bond given by the Building Company to the lessor, on which the plaintiff was surety, was conditioned for the faithful performance by the Building Company of the terms, conditions and covenants of the lease, and would therefore continue during the term of the lease. It further appears that the bond given by the defendant Schuchman to Viernow, when the latter sold and assigned his interest in the Building Company to the defendant, was a similar obligation and would run for a similar length of time.

It is therefore manifest that, as the bond was merged in the judgment, the liability of the defendant

would be materially diminished if the obligations of the bond were permitted to be discharged upon the payment of the damages assessed for a single breach of the terms of the bond. The obligations of the lease were continuing and might or might not be met by the obligor. The bond was conditioned for the faithful performance of the terms and conditions of the lease by the lessee, and was, therefore, coextensive with the lease and continued as long as the lease ran. By paying the damages assessed for the single breach of the bond, the obligor in the bond could not discharge all of the obligations assumed by the bond. The judgment of the circuit court, here complained of, would have the effect of so discharging him, if allowed to stand. The judgment was not such a judgment as the circuit court is required by the statute to enter in such cases. [Burnside v. Wand, 170 Mo. 531.] The judgment is, therefore, reversed and the cause remanded, with directions to the trial court to set the same aside and to re-enter it for the penalty of the bond and for the amount of the damages assessed, and to further provide therein that the judgment shall stand as security for further breaches.

All concur.