MONGER *v.* NEW ERA ASSOCIATION.

1. INSURANCE—MUTUAL BENEFIT ASSOCIATIONS—ACTIONS—VENUE.
　　Sections 10444 and 10445, 3 Comp. Laws, providing for service on insurance companies in any county in which the plaintiff resides and defendant does business, do not apply to fraternal beneficiary societies organized under chapter 212, 2 Comp. Laws, as amended by Act No. 226, Pub. Acts 1901.

2. SAME—ASSOCIATIONS—LODGE SYSTEM—NECESSITY.
　　The New Era Association of Grand Rapids is a fraternal beneficiary society, and as such entitled to the exemptions from the general insurance laws of the State provided by chapter 212, 2 Comp. Laws, though it has no lodge or ritualistic work, being exempted therefrom by Act No. 226, Pub. Acts 1901; and this irrespective of the question whether the exemption contained in said Act No. 226 is invalid as class legislation or not, only the State being entitled to raise that question.

3. SAME—ACTION ON POLICY—DECLARATION—NECESSARY AVERMENTS—VENUE.
　　Where suit is begun against an insurance company under sec-

tions 10444 and 10445, 3 Comp. Laws, by filing and serving declaration and rule to plead, the declaration must show that the plaintiff is a resident of the county in which suit is brought, and that defendant is a corporation subject to the provisions of the sections mentioned.

4. Appeal and Error — Form of Remedy — Error — Jurisdictional Defects.

Where a judgment is void on the face of the record for want of jurisdiction over the defendant, a writ of error and proper assignments to review the judgment constitute correct practice, though a motion was made below to quash the affidavit of service and overruled, irrespective of whether the motion and order overruling it are part of the record proper.

Error to Berrien; Coolidge, J. Submitted June 6, 1906. (Docket No. 26.) Decided September 20, 1906.

Assumpsit by Maria Monger against the New Era Association on a benefit certificate. There was judgment for plaintiff, and defendant brings error. Reversed, and no new trial ordered.

*Knappen, Kleinhans & Knappen*, for appellant.

*John J. Sterling*, for appellee.

Hooker, J. The appellee's brief begins with the statement:

"The statement of facts in appellant's brief is partial and incorrect. However, since the facts are few, and the inaccuracies and discrepancies can be pointed out in the argument, we deem it unnecessary to present a statement of them here."

This is not a compliance with the spirit of Sup. Ct. Rule 40, though perhaps it is with the letter, if the alleged inaccuracies are pointed out anywhere in his brief. It is a convenience to the court to have them presented at the beginning of appellee's brief, and that practice should be followed.

As stated in appellant's brief, the defendant is a fraternal beneficiary society, organized under chapter 212 of the

Compiled Laws, its principal office being at Grand Rapids, Mich. Plaintiff claims to be an assignee from the beneficiary of the certificate issued by defendant to one Llewellyn Monger, a member. She began her action by declaration, in the Berrien county circuit court. It contains no allegation as to the plaintiff's residence, and the record does not show that she was or is a resident of that county. No rule to plead was filed with the declaration, though the notice, attached to the copy, calls attention to a rule entered. No service was had in Berrien county, and there is no return by a sheriff or other officer. An affidavit on file shows that copies were delivered to defendant's secretary, in Kent county, on January 12, 1906. On January 22d, defendant appeared specially, and filed a motion to quash, and strike from the files this affidavit of service, on the ground that service was not had in Berrien county. This motion was denied on January 29th, and on January 30th an order of default was made, and judgment was entered against defendant on March 9th. A writ of error was taken out, and assignments of error were filed.

An important question arises over the application of 3 Comp. Laws, §§ 10444, 10445, to this cause, that being the authority relied on to sustain the service, and covering the point stated in the motion. If it should be held not to apply, the service was unauthorized and necessarily void. These sections are as follows:

" (10444). SECTION 1. *The People of the State of Michigan enact,* That suits may be commenced, tried, and disposed of against insurance companies, or co-operative and mutual benefit associations, having for their object insurance against accidents, organized under the laws of this State, by any member of said company or association, or other person, in the courts of any county in this State in which the plaintiff resides, and such company issues policies, certificates of membership, or take risks, in the same manner and with the like effect as if the suits were brought in the county where such company or association has its principal office.

" (10445). SEC. 2. Such suits may be commenced by declaration or by writ, which may be served upon any agent of such company or association, residing or found within the county by the sheriff of the county where the suit is brought, or by the sheriff of any county where an agent may be found, or by the sheriff of the county where the principal office of such company or association is located."

The contention that it should be held not applicable rests upon an alleged exemption contained in section 1 of the act under which defendant was organized, i. e., 2 Comp. Laws, § 7740, and as amended by Act No. 226, Pub. Acts 1901. This section, and the chapter (212) of which it is a part, provides for the formation of "Fraternal Benefici-ary Associations." Such associations are declared to be corporations, societies, or voluntary associations, formed or organized and carried on for the sole benefit of their members and their beneficiaries, and not for profit; such associations having a lodge system, with ritualistic form of work, and a representative form of government, and making provision for the payment of death benefits, may also provide for the payments of benefits in the case of accident, sickness, and disability, or old age of its members. The exemption claim referred to is the follow-ing:

" Such association shall be governed by this act and shall be exempt from the provisions of the insurance laws of this State, excepting as provided by this act."

We have no hesitation in holding that the defendant is an insurance company in a sense, because it does insur-ing, and the express provision exempting it from the pro-visions of the insurance laws of the State shows that it must have been understood to be an insurance company in that sense. See, also, *Citizens' Life-Ins. Co.* v. *Com'r of Insurance,* 128 Mich. 85. But that being true, only increases the difficulty, for it shows a clear intent that this kind of insurance companies should be governed by other, and perhaps more general, provisions, less re-

strictive than those expressly applicable to other insurance companies.

It is contended by counsel for plaintiff that sections 10444 and 10445 are not insurance laws, but laws of judicial procedure, and therefore may apply to fraternal societies, notwithstanding the exemption referred to. If it be a law of judicial procedure, it is one pertaining to insurance companies merely, and one which makes an exception of them in the matter of judicial procedure. Such law is one that should not be omitted from any compilation of insurance laws, and in our opinion is included in the exemption. These sections were enacted in 1881, while section 7740 dates from 1893, leaving no opportunity to say that the exemption was repealed by them, or that it was not fairly within the actual legislative intent.

This law not authorizing a service in Kent county upon this defendant, the proceedings are void unless it can be said that defendant is not a fraternal beneficiary society. Such a claim is made upon the ground that it does not comply with the law inasmuch as it has no lodge or ritualistic work, which it is said appear because admitted, and from the express provision of section 7740, as amended by Act No. 226, Pub. Acts 1901, which contains a proviso "that the provisions of this section requiring a ritualistic form of work shall not apply to the New Era Association of Grand Rapids heretofore incorporated and doing business under the provisions of this act," and which proviso is said to be class legislation and void. Granting that this proviso is void, the fact remains that this is a "fraternal beneficiary association," one falling short, perhaps, in the performance of a statutory duty, in which failure the deceased member shared. He was willing to contract with it as such a society, and whether it should have a lodge system and ritualistic form of work was chiefly of interest to itself, its members, and perhaps its competitors and the State. It may be that upon application to the proper officer by any person, it might be compelled to provide these things or be dissolved. But until the State

moves in the matter upon its own initiative or on relation of an interested person, it has a valid status as a corporation, organized under the fraternal society law.

But one other question need be referred to. It is contended that the question discussed is not properly here on writ of error, and that the defendant should have moved by mandamus to review this motion. An answer to this is that the proceeding and judgment are void on the face of the record for want of jurisdiction. The declaration not only fails to show that plaintiff was a resident of Berrien county (which it should have done as shown by cases cited) but it fails to show that defendant is a corporation subject to the provisions of sections 10444 and 10445. Moreover it does show that it is the New Era Association of Grand Rapids, which Act No. 226, Pub. Acts 1901, shows to have been organized under section 7740. The defendant not having waived the question by appearing, now asserts the want of jurisdiction through a writ of error and proper assignments, which sufficiently raise the question, even if we should hold the motion and order denying the same not to be parts of the record proper (a question we need not decide). *Turrill* v. *Walker*, 4 Mich. 185; *Denison* v. *Smith*, 33 Mich. 155; *Smith* v. *Bresnahan*, 59 Mich. 346; *McEwan* v. *Zimmer*, 38 Mich. 765; *Baxter* v. *Kent Circuit Judge*, 92 Mich. 291.

The judgment is reversed, with costs of both courts, and no new trial is ordered.

CARPENTER, C. J., and McALVAY, GRANT, and MOORE, JJ., concurred.