## WEALAKA MERCANTILE & MANUFACTURING COMPANY, Respondent, v. LUMBERMEN'S MUTUAL INSURANCE COMPANY, Appellant.

**St. Louis Court of Appeals, December 17, 1907.**

1. **PROCESS: Return of Service: Reference to Statute.** A sheriff's return of the service of process cannot be aided by reference to the statute under which the service is made; the return must show by its recitals that it complies strictly with the requirements of the statute.

2. ————: ————: **Insurance Companies.** The return of service of summons upon a foreign insurance corporation by delivering a copy to the adjuster of the corporation "under the provisions of section 7992" of the Revised Statutes, without stating that the adjuster adjusted and settled losses for the corporation "in this State" as required by statute, is insufficient to confer jurisdiction.

3. ————: ————: **Amending Return on Appeal.** A return of service of process cannot be amended in the appellate court after the cause is submitted, no notice having been given to the opposite party of the application to amend.

Appeal from St. Louis City Circuit Court.—*Hon. Jesse A. McDonald,* Judge.

REVERSED AND REMANDED.

*Barclay & Fauntleroy* for appellant.

(1) The question involved in this case is whether the return of the writ by the sheriff was sufficient to give the court jurisdiction over the defendant. We submit that it does not. The return shows, upon its face, that service is sought to be had under section 7992, Revised Statutes 1899. To obtain jurisdiction, it is necessary that the return should show that "C. L. Whittemore, the adjuster of said defendant," either solicited insurance, or made a contract of insurance, or

collected or received any premium, or adjusted or settled a loss, or paid the same to said insurance company, or, in some manner aided or assisted in doing some one of those acts. None of these facts, or acts, is stated in the sheriff's return. Zelnicker Co. v. Oil Co., 103 Mo. App. 94; Charless v. Marney, 1 Mo. 538. Every fact required by the statute must appear in the return. Stewart v. Stringer, 41 Mo. 400; Railroad v. State, 143 Ind. 231, 42 N. E. 617; Lane v. Land Co., 55 S. E. 691; Johnson v. Ludwick, 52 S. E. 491. The return must also show that the writ was served on the defendant as a foreign corporation. Hajek v. Society, 66 Mo. App. 572. (2) The return is fatally defective, if service is sought to be had under section 570, Revised Statutes 1899. In Zelnicker Co. v. Cotton Co., 103 Mo. App. 97, the court holds that the return is fatally bad, inasmuch, as it "should state affirmatively that the defendant company had no office or place of business in the State." Newcomb v. Railroad, 182 Mo. 707. The statute is the only authority for a substituted service, and all the facts must appear upon the face of the return, before the court gets jurisdiction. LeGrand v. Fairall, 86 Ia. 211, 53 N. W. 115.

*R. E. & E. R. Rombauer* for respondent.

BLAND, P. J.—On July 16, 1906, plaintiff filed its petition against the defendant, in the circuit court of the city of St. Louis, on a policy of fire insurance, issued by the defendant to plaintiff; in which petition it is alleged that plaintiff, Wealaka Mercantile & Manufacturing Company, is a corporation created by the laws of Missouri, and a resident of the city of St. Louis, where its principal office is located. The petition then avers that "the defendant is a foreign insurance company incorporated under the laws of the State of Ohio, and doing business in this State without having com-

plied with the requirements of the laws of the State of Missouri, and particularly the provisions of sections 7963 and 7991, of the Revised Statutes of 1899, of this State."

The petition alleges a loss to plaintiff by fire, March 8, 1900, in Reynolds county, Missouri, whereby a sawmill and a lot of shafting, mill implements and other personal property were "wholly destroyed," wherefore plaintiff asked for judgment for one thousand dollars and interest, from the ninth day of June, 1906, at the rate of six per cent, and ten per cent damages for vexatious delay. The sheriff made the following return to the writ of summons (directed to the sheriff of the city of St. Louis in the usual form):

"Executed this writ in the city of St. Louis, Mo., this sixteenth day of July, 1906, by delivering a copy of the writ and petition as furnished by the clerk to C. L. Whittemore, the adjuster of the said defendant, under the provisions of section 7992, of the Revised Statutes of Missouri.

(Signed) "PATRICK H. CLARKE, Sheriff.

Fee $1.00. "By JNO. H. MORISCHE, Deputy."

In due time, on the return day thereof, October 1, 1906, the defendant insurance company appeared, specially, and filed its motion to quash as follows:

"The defendant appearing specially and only for the purposes of this motion and for no other purpose, moves the court to quash and set aside the service of the writ on said defendant, and the return thereof, for the reason that it shows upon its face that it is null and void, and not in compliance with the statutes of the State of Missouri, relative thereto, and for the reason that this court has no jurisdiction over the person of said defendant."

The motion to quash the return was overruled, and defendant declined to plead or make any further appearance. The court, after hearing plaintiff's evidence,

rendered judgment in its favor for $1,126.33, from which judgment defendant appealed.

The contention is that the return of the sheriff was insufficient to give the trial court jurisdiction of the person of defendant, and the motion to quash should have been sustained.    It is alleged in the petition that defendant is a foreign insurance company incorporated under the laws of the State of Ohio and doing business in this State without complying with the provisions of sections 7963 and 7991, Revised Statutes 1899.    Section 7991 provides, in substance, that when a foreign insurance company has complied with the laws of this State and is authorized to do business in this State, and has appointed an agent to accept service in this State, that service upon such agent, or upon the superintendent, shall be valid and binding and be deemed personal service.    Section 7992, Revised Statutes 1899, provides for additional service.    It reads as follows:

"Service of summons in any action against an insurance company, not incorporated under and by virtue of the laws of this State, and not authorized to do business in this State by the superintendent of insurance, shall, in addition to the mode prescribed in section 7991, be valid and legal and of the same force and effect as personal service on a private individual, if made by delivering a copy of the summons and complaint to any person within this State who shall solicit insurance on behalf of any such insurance corporation, or make any contract of insurance, or collects or receives any premium for insurance, or who adjusts or settles a loss or pays the same for such insurance corporation, or in any manner aids or assists in doing either."

The return recites that service was made under the provisions of this section.    It seems the sheriff undertook, by referring to the statute, to make its provisions a part of his return.    As early as the case of Charless v. Marney, 1 Mo. 538, it was held that it was the

duty of the officer to state how he had served the process, and that a return indorsed on a summons, "The within lawfully executed," was a bad return, that the officer had undertaken to decide the legality of his own return.

In Stewart v. Stinger, 41 Mo. 400, it was ruled: "Where the statute provides for constructive service of process, the terms and conditions prescribed for such service must be strictly complied with.   Several defendants cannot be constructively served with a writ by leaving only one copy for all at the usual place of abode."

In King v. Davis, 37 Fed. 1. c. 206, the court said: "Substituted service of process is a departure from the common law, and the return must affirmatively show a compliance with all the essential requirements of the statutes. . . .   Indeed, it has been said that everything is to be inferred against such return which the departure from the statute will warrant. . . .   But, at the least, such return is to be strictly construed, and nothing may be added by intendment," citing 22 Am. & Eng. Ency. Law (1 Ed.), 152, and a number of federal and State decisions.

That a return cannot be aided by reference to the statute under which the service is made, is manifest, and unless the return strictly complies with the requirements of the statute, it is insufficient.   The section (7992, supra), provides that the service shall be legal and binding and have the effect as personal service, where made "by delivering a copy of the summons and complaint to any person within this State who shall solicit insurance on behalf of any such insurance corporation, or make any contract of insurance, or collects or receives any premium for insurance, or who adjusts or settles a loss or pays the same for such insurance corporation, or in any manner aids or assists in doing either."   Where must the person or persons soliciting insurance, collecting premiums or adjusting losses be acting in such capacities for the corporation,

to authorize service upon them?    Evidently, in this State.    The statute can have no other meaning, and the return is defective in that it fails to state, that C. L. Whittemore adjusted or settled losses for defendant in this State.    [See on this point Painter v. Railroad, 127 Mo. App. 248, 104 S. W. 1139.

Since the appeal was perfected and after the cause was submitted, plaintiff filed with the clerk of this court, affidavits and exhibits showing that C. L. Whittemore is the adjuster of the defendant corporation in this State, and was specially authorized to adjust the loss for which this suit was brought, and undertook to adjust the same.    No notice of the filing of these papers was served on defendant nor was leave asked of this court for permission to amend the return.

In Little Rock Trust Co. v. Railroad, 195 Mo. l. c. 689, 93 S. W. 944, the court said:    "The right to amend a return rests in the sound discretion of the court, and the party to be affected by the amendment has a right to a day in court before the court has a right to permit the amendment."    [See also Feurt v. Caster, 174 Mo. 289.]    Leave to amend the return should have been applied for before the case was submitted, and notice served on the opposite party, so that the court might have fixed a day for hearing the application, and granted or refused the offer to amend before the case was submitted.    It is too late now to take this matter up in this court.

The judgment is reversed and the cause remanded with leave to plaintiff to apply to the circuit court for leave to amend the return, if so advised.    All concur.