W. D. COX, Defendant in Error, v. AMERICAN INSURANCE COMPANY, Plaintiff in Error.

Kansas City Court of Appeals, May 17, 1909.

1. **INSURANCE: Return of Service: Corrections: Presumption.** A correction in a return by changing a letter must be presumed, in the absence of proof to the contrary, to have been made by the sheriff before delivery, and it is held that the return is not subject to attack on account of the alteration of the letter.

2. ———: ———: **Constructive: Personal: Statute.** Under section 7991, Revised Statutes 1899, service on the superintendent of insurance of the State is to be deemed personal service upon the insurance company and not constructive; and in cases where there is personal service it is not every defect in the return of service that renders it void and justifies ignoring it.

3. **TRIAL PRACTICE: Process: Service: Irregularity.** It is more in accord with modern jurisprudence to require a party to appear and object to notice where he has actual notice that some proceeding is to be had at a certain time and place which may effect his interests, than to permit him to assail the return in a collateral proceeding.

4. ———: ———: ———: ———. The name of the insurance corporation was American Insurance Company of Newark, New Jersey. The return of the sheriff recited that he served "the within named defendant, the American Insurance Company of New Ark." The name was correctly shown on the face of the writ and in the petition, copy of which was delivered to the superintendent, *Held*, the service was actual and ac-

curate personal service on the defendant, and the only error was in the name which was a mere harmless irregularity and did not excuse the necessity of appearing to answer to the suit.

5. **INSURANCE: Petition: Ownership.** A petition set out in the opinion sufficiently alleged facts to be impervious to an attack that it did not sufficiently state plaintiff's ownership of the destroyed property.

Error to Chariton Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*Fyke & Snider* for plaintiff in error

(1) As to the service the facts are stated in our statement of facts. The service is purely constructive, having been attempted to be made on the superintendent of insurance appointed by law to receive and accept service on behalf of insurance companies doing business in this State. Such service is not what is commonly known as personal service, but is constructive, and must be technically correct in order to give the court jurisdiction. Vickery v. Railroad, 93 Mo. App. 1. (2) The petition does not contain any averment by implication or otherwise, that plaintiff was the owner of the property at the time of the fire. (3) It is essential in an action on a policy of fire insurance to allege and prove ownership of the property in the plaintiff at the time of the fire. Rogers v. Insurance Co., 186 Mo. 256.

*Fred Lamb* and *Gilbert Lamb* for defendant in error.

(1) We insist that the service was all the law requires and this point should be ruled against plaintiff in error. McAllister v. Insurance Co., 28 Mo. 218; 20 Eng. Ency. Pl. and Prac., p. 1131 et seq.; 18 Eng. Ency. Pl. and Prac., p. 928 et seq.; Dunn v Hughes (Tex. Civ. App. 1896), 36 S. W. 1084; Townsend v. Ratcliff, 50

Tex. 148; Alexander v. McDaw, 108 Cal. 27; Parry v. Woodson, 33 Mo. 347; Kroniski v. Railroad, 77 Mo. 362; Roberts v. Stone, 99 Mo. App. 425.   (2)   In the case at bar the petition not only contains a specific averment of ownership at the date the policy was issued but in the language of the policy declares that "he made application to the defendant for insurance in the sum of $700 on his dwelling house No. 1 and in the sum of $100 on smokehouse" and follows with the allegation that the policy was issued "herewith filed, by which defendant insured plaintiff in the sum of $700 on the dwelling house aforesaid, etc."

JOHNSON, J.—Judgment by default was rendered for the plaintiff in the circuit court of Chariton county in an action brought therein by W. D. Cox against the American Insurance Company of Newark, New Jersey, and the cause is here on writ of error sued out by the defendant (plaintiff in error here).   The action is on a policy of fire insurance and since one of the points advanced by defendant is that the petition fails to state a cause of action, we copy that pleading in our statement of facts.

"In the Circuit Court of Chariton County, Missouri, at Salisbury, September Term, 1908.

"W. D. Cox, Plaintiff, vs. The American Insurance Company of New Ark, New Jersey, Defendant.

"Plaintiff states that the defendant is and was at all the dates mentioned herein an insurance corporation, organized and existing under and by virtue of the laws of the State of New Jersey and duly authorized to transact the business of fire insurance in the State of Missouri and at all of said dates was empowered to sue and be sued.

"Plaintiff for cause of action states that on or about the 14th day of March, 1908, he made application to defendant for insurance in the sum of $700 against loss or damage by fire on his dwelling house No. 1 and in the

sum of $100 on smokehouse 16x25 situate on the south-east quarter of the southeast quarter of section 13, in township 54, range 17, in Chariton county, Missouri, which said property was then owned by plaintiff in fee simple subject only to the encumbrance of $3,500 mentioned in said application. That on said date and pursuant to said application and in consideration of the first annual premium of $8.80 on said date paid to the defendant and in further consideration of an installment note in the sum of $35.20 payable in equal annual installments of $8.80 on the 1st days of March in the years 1909, 1910, 1911, and 1912, on said date executed and delivered to the defendant the said defendant did execute and deliver to plaintiff on said date its policy and contract of insurance No. 651911, herewith filed, by the terms of which the defendant insured the plaintiff in the sum of $700 on the dwelling-house aforesaid and in the sum of $100 on said smoke-house against loss or damage by fire.

"Plaintiff further states that on the 16th day of April, 1908, while said policy was in full force and effect said buildings and each of them were totally destroyed by fire.

"Plaintiff says that in and by said policy it is provided that in the event of loss by fire the insured (the plaintiff) shall give immediate notice in writing to the defendant of such loss and shall within thirty days from such fire furnish to the defendant company proof of loss giving a detailed statement of said loss, the origination of such fire loss and items of damage. Plaintiff says that immediately after said fire he did give the defendant notice in writing thereof and demanded blanks upon which to make and prepare said proofs of loss; that the defendant failed and refused to furnish to plaintiff the blank proofs of loss within the thirty days, within which he was required to make said proofs of loss, and immediately denied all liability on account of said policy and loss as aforesaid.

"And further states that from the issuance of said policy to the present time he has done and performed all the conditions of said policy on his part. That the defendant has violated the terms and conditions thereof in the respects herein set out and has failed and refused to pay plaintiff the sum of $800 due on account of the destruction of said buildings as herein alleged.

"Wherefore plaintiff prays judgment against the defendant in the sum of $800 and for all proper relief."

Summons was issued to the sheriff of Cole county commanding that officer to summon "The American Insurance Company of New Ark, New Jersey." The return of service was as follows:

*"State of Missouri, County of Cole, ss.*

"I hereby certify that I executed the within writ in the county of Cole, State aforesaid, upon the within named defendant, The American Insurance Company of New Ark, on the 8th day of August, 1908, by delivering a true copy of this writ direct with a copy of the petition as certified by the clerk of the circuit court of Chariton county, to W. D. Vandiver, Superintendent of the Insurance Department of the State of Missouri, he being the person authorized by law to accept and receive, and upon whom to serve process issued out of the courts of the State of Missouri for and in behalf of said defendant under and by virtue of section 7991 of the Revised Statutes of Missouri.

"In witness whereof I have hereunto set my hand as sheriff aforesaid this 8th day of August, 1908."

It will be observed that in the petition and summons the name Newark is improperly divided into two words, but manifestly that error is so slight that no reasonable person could have been misled by it, and we shall dismiss it from further notice. As suggested by counsel for defendant it might be inferred from the face of the return that the person who wrote it started to write the name New York instead of Newark (New Ark), discov-

ered his mistake when he wrote the letter Y and corrected it by writing A over the Y to make the name New Ark to conform to the summons. In the absence of evidence to the contrary, we must assume that this correction was made before the return left the hands of the sheriff and, therefore, we hold that the sufficiency of the service and return is not open to attack on account of the alteration of a letter mistakenly written but corrected before the return was delivered by the officer. But it is argued by the defendant that the name New Jersey is shown by the petition and summons to be (and in fact is) a part of the corporate name of the defendant, and that its omission from defendant's name in the return rendered the service void. Counsel say in their brief:

"The service is purely constructive having been attempted to be made on the superintendent of insurance appointed by law to receive and accept service on behalf of insurance companies doing business in this State. Such service is not what is commonly known as personal service but is constructive and must be technically correct in order to give the court jurisdiction." [Citing Vickery v. Railroad, 93 Mo. App. 1.] The fault of this argument lies in the postulate that service on foreign insurance companies authorized by law to do business in this State is constructive and not personal service. The statute (section 7991) requires such corporations to file with the superintendent of the insurance department of the State power of attorney "appointing and authorizing said superintendent to acknowledge or receive service of process issued from any court of record," and expressly provides that service made on the superintendent shall "be deemed personal service upon such company." The power of attorney which we assume defendant had filed with the superintendent constituted that officer defendant's agent to receive service of process in this State and service on him as such designated agent was personal, not constructive service. In this vital respect, the case differs from that decided by the St.

Louis Court of Appeals in Vickery v. Railroad, supra. In cases where the defendant is served personally, it is not every irregularity or defect in the return or in the service that will render the service void and justify defendant in ignoring it. Courts often acquire jurisdiction over the person though service of the required notice be defective. The rule thus is stated by the Supreme Court in Thompson v. Railway, 110 Mo. l. c. 156:

"It seems to us that it is more in accord with modern jurisprudence to require a party to appear and object to the notice or its service where he has actual notice that some proceeding is to be had at a designated time and place which may affect his interest, and if he fails to do this, not to permit him to assail in a collateral proceeding rights acquired in good faith on the supposition that the service of notice was regular. A distinction is to be made between a case where there is no service whatever and one which is simply defective or irregular. In the first case, the court acquires no jurisdiction, and its judgment is void; in the other case, if the court to which the process is returnable . . . renders judgment therein, such judgment is not void, but only subject to be set aside by the court which gave it, upon reasonable and proper application, or reversed upon appeal." The return before us recites that the writ was served on "the within-named defendant." That name was correctly shown on the face of the writ and in the petition—a copy of which was delivered to the superintendent. That officer could not have been misled by these papers, there being no error in them. There was actual and accurate personal service on defendant and the only error was in the name stated in the return which, of course, was executed after the accomplishment of the service. That error should be classed as a mere irregularity—a perfectly harmless one at that—and it did not excuse defendant from the necessity of appearing to answer the suit of plaintiff.

The objection to the petition is its omission to allege specifically that plaintiff owned the property insured at the time of the loss. Following the decision of the Supreme Court in Rodgers v. Insurance Co., 186 Mo. 248, we must hold the petition impervious to attack on this ground, the attack first being made after judgment. As in the Rodgers case, facts are alleged from which the ownership of the property at the time of the loss should be implied.

The judgment is affirmed. All concur.