CARRIE E. WOODRUFF, Appellant, v. BUNKER-CULLER LUMBER COMPANY and J. S. BUNKER.

### Division Two, May 9, 1912.

1. **APPEAL: Exceptions: Filing Proof of Publication.** Where the bill of exceptions shows that proof of publication was filed in a former tax suit, even though the trial court in this case in its declarations of law said "though not appearing to be filed," contention that it was not filed comes too late upon appeal.

2. **JUDGMENTS: Presumptions: Record.** No presumptions in support of a judgment are to be allowed in opposition to any statement contained in the record. If it appears that process was served in a particular mode, no other and different service can be presumed.

3. ———: ———: ———: **Publication by Wrong Name: "W." and "Wm."** Where proof of publication has been filed in a tax suit it constitutes a part of the record, and where it shows that the publication was against "W. N. Woodruff" there is no

presumption that there was at any time proper publication, that is, against "William N. Woodruff," and the publication is void.

4. ———: ———: ———: Title of Officer not Affixed to Affidavit. The failure of an officer to affix the title of his office to an affidavit taken before him and spread of record in a tax suit, would tend to impeach the jurisdiction and not to support it.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside*, Judge.

REVERSED AND REMANDED.

*Dooley & Heitt* for appellant.

William N. Woodruff was a non-resident of the State of Missouri, and was the owner of the land in dispute. His deed to said land was recorded in the name of William N. Woodruff. The service in the tax suit against him was by order of publication, in which order of publication he was named as W. N. Woodruff, hence the judgment in said tax suit was void, and conveyed no title to the purchaser at the tax under said judgment. Stanton v. Thompson, 234 Mo. 7; Shuck v. Moore, 232 Mo. 649; Ohlman v. Saw Mill Co., 222 Mo. 62; Evarts v. Lumber Co., 193 Mo. 433; Gillingham v. Brown, 187 Mo. 181; Spore v. Land Co., 186 Mo. 656.

*Wm. P. Elmer* for respondents.

(1) The sheriff's deed and judgment on which it is based are not shown to be invalid. The judgment is in proper form and shows a proper service was had on William N. Woodruff, and it is not shown the order of publication was directed against Woodruff by initials, and, for that reason, invalid. (2) The presumption of the law is that the circuit court had jurisdiction to render the judgment and that due process of law was had on the defendant, William N.

Woodruff. The contrary must be shown by the party attacking the judgment. 17 Am. & Eng. Ency. Law (2 Ed), p. 1073; McClanahan v. West, 100 Mo. 305; Charley v. Kelly, 120 Mo. 134; Gibbs v. Southern, 116 Mo. 204. (3) The same rule applies to judgments. Wall v. Holladay-Klotz Co., 175 Mo. 406; Waring v. Mainwaring, 173 Mo. 21; Evarts v. Lumber Co., 193 Mo. 432; Cooper v. Gunter, 215 Mo. 558. It is also presumed that the clerk did his duty and issued a proper order of publication. (4) The judgment in the case of the State ex rel. v. Woodruff is a valid judgment and not subject to collateral attack unless other parts of the record importing equal verity show it to be void. The publisher's affidavit and printed copy of a publication against W. N. Woodruff is not such a part of the record as will destroy the force of the judgment. Vincent v. Means, 184 Mo. 344; Harness v. Cravens, 126 Mo. 435; Cloud v. Inhabitants, 86 Mo. 366. (5) The court found that the proof of publication offered was not filed, and by the judgment found the issues against plaintiff as to its genuineness as a part of the record. (6) Woodruff conveyed the land in suit by the abbreviated name and is estopped to deny such designation of himself. Elting v. Gould, 96 Mo. 535; Turner v. Gregory, 151 Mo. 100.

ROY, C.—This is a proceeding brought in the circuit court of Dent county to quiet the title to a half section of unimproved timber land.

The answer sets up title by the Statute of Limitations and alleges that William N. Woodruff, under whom plaintiff claims, executed a mortgage on the land on November 9, 1874, to Emmet C. Burhaus for $1000, which was recorded December 3, 1874, and that all the right and title of said Burhaus had become vested in the defendants and that they are the legal holders of said mortgage, and that said mortgage has never been paid, and that default has been made in the

payment of the mortgage, and that the defendants are entitled to possession until plaintiff shall pay the amount of said mortgage. The answer admits that defendants claim title and denies all other allegations of the petition. The reply is a general denial.

There was judgment for the defendants, and the plaintiff has appealed.

The land was conveyed to William N. Woodruff by deed dated May 8, 1873, and filed for record December 3, 1874.

On November 9, 1874, Woodruff by the name "Wm. N. Woodruff" executed a mortgage on the land to Everett C. Burhaus to secure $1000 in three notes all payable within a year. It was filed for record December 3, 1874.

The evidence shows that the defendants never at any time held those notes or mortgage. Woodruff died in 1899, and the plaintiff, his widow, is his sole devisee, his will, duly probated, being in evidence.

The defendants put in evidence the judgment in a suit for taxes on the land against "William N. Woodruff," rendered April 14, 1879, in which the court found "that the defendant has been duly and legally notified of the pendency, object and general nature of this action, by publication in the 'Salem,' a newspaper published in Dent county, Missouri, for four weeks successively, the last insertion of which was more than four weeks before the first day of the last term of this court," etc.

The defendants claim through a regular chain of title from the purchasers under the execution on that judgment.

The bill of exceptions contains the following: "Plaintiff then offered in evidence the order of publication, and proof thereof, filed in suit No. 115, marked 'Exhibit D,' as follows, to-wit: in the Dent Circuit Court in vacation; March 20, 1878, the State at the relation and to the use of Silas Headrick, collector of the

revenue of Dent county, in the State of Missouri v. W. N. Woodruff.'' It then set out the order of publication in full, and the affidavit of the publisher attached thereto proving its publication, the jurat to which was as follows: ''Sworn to and subscribed before me the 10th day of October, 1878.

[Seal.]        J. R. Callahan.''

The bill of exception then states: ''Defendants objected to the introduction of the order of publication and certificate of publication for the reason that the same had never been filed, and there are no marks of filing shown on the same by the clerk of the circuit court, and the same are not identified as being papers in said cause, which objection was by the court overruled.'' No exception was noted.

The declarations of law given by the court contained the following: It is objected that the tax sale was not valid for the reason that what purports to be the copy of the order of publication though not appearing to be filed shows that it was printed in the name of ''W. N. Woodruff.''

The record of the original order of publication was not put in evidence. There was no evidence tending to show title by adverse possession in defendants.

The point is made by appellant that the proof of publication shows that the name of the defendant as given in the publication of the order of publication was ''W. N. Woodruff,'' and that, for that reason, there was no valid publication, and, therefore, no jurisdiction in the court to render judgment. Subsidiary to that question the respondents say that the proof of publication was never filed in the cause, and that the jurat to the affidavit of the publisher does not show that the affidavit was made before an officer having power to administer oaths.

I. It is too late for the respondents to contend that the proof of publication was not filed in the tax suit. The bill of exceptions shows that it was filed, though the court, in its declarations of law, in speaking of it, said "though not appearing to be filed." The meaning of the bill of exceptions, when considered in all its parts, is that it was filed, though not marked filed.

II. Freeman on Judgments, sec. 125, says: "But no presumptions in support of the judgment are to be allowed in opposition to any statement contained in the record. If an act be stated in the roll as having been done in a specific manner, no presumption arises that at some future time the act was done in a more efficient manner. If it appears that process was served in a particular mode, no other and different service can be presumed. To indulge such a presumption would be to contradict the record which imports absolute verity. When, therefore, the record shows that certain steps were taken to procure jurisdiction and the law does not consider those steps sufficient, the judgment will be regarded as void for want of jurisdiction over the defendant." That doctrine is approved in Cloud v. Pierce City, 86 Mo. l. c. 368.

In Feurt v. Caster, 174 Mo. l. c. 303, it was said: "Since the decision in the case of Cloud v. Pierce City, 86 Mo. 357, where the question was exhaustively considered, it has been held in this State, even in collateral proceedings, that the jurisdictional recitals of a judgment of due service of process will be controlled by, and must yield to, the service as it appears upon the whole record. The recitals of the judgment will be deemed to refer to the kind of service shown by other parts of the record." To the same effect are Stark v. Kirchgraber, 186 Mo. 633; State ex rel. v. Fisher, 230 Mo. 325; Hutchinson v. Shelley, 133 Mo. 400.

In order to constitute constructive process by order of publication, it is necessary not only that such order be made, but it must be published in the manner required by law. [Jewett v. Boardman, 181 Mo. 647; Stewart v. Allison, 150 Mo. 1. c. 346.]

Section 590, Revised Statutes 1909, provides for a proof of publication by copy of it with the affidavit of the publisher of the newspaper showing its publication. That proof was filed in the tax suit. It constituted a part of the roll or record in the case. It shows that the publication was against "W. N. Woodruff."

As held by Freeman on Judgments, there is no presumption that there was a proper publication of the order at any other time.

We are driven to the proposition that the record, taken all together, shows that the only publication was against "W. N. Woodruff." Such a publication, where there is no element of estoppel, is by our uniform decisions void.

BLAIR, C., in White v. Gramley, 236 Mo. 647, so held, citing a list of authorities. In Ohlmann v. Mill Co., 222 Mo. 62, it was held that an order of publication against "Mike" Ohlmann was void as to Michael Ohlman. The fact that Woodruff had executed a mortgage on the land by the name "Wm N. Woodruff" does not change the result. "Wm." is universally known as an abbreviation of William, but not so with the single letter "W."

The failure of the officer to affix the title of his office after his name, if it had any effect, would tend to impeach the jurisdiction and not to support it.

The judgment is reversed and the cause remanded for a new trial. *Blair, C.,* concurs.

PER CURIAM.—The foregoing opinion of ROY, C., is adopted as the opinion of the court. All the judges concur.