HELEN M. CRABTREE and R. W. HANNA v. AETNA LIFE INSURANCE COMPANY, a Corporation, Appellant.—111 S. W. (2d) 103.

Division Two, December 17, 1937.*

*NOTE: Opinion filed at May Term, 1937, August 26, 1937; motion for rehearing filed; motion overruled at September Term, December 17, 1937.

1174

*Morrison, Nugent, Wylder & Berger, C. C. Byers, R. L. Hecker, W. B. Cozad* and *Nat B. Rieger* for appellant.

1178

*A. D. Campbell, R. N. Klass, John Campbell* and *E. M. Jayne* for respondents.

BOHLING, C.—Helen M. Crabtree and R. W. Hanna, respondents, on September 20, 1935, instituted an action against Aetna Life Insurance Company, a corporation, appellant, in the Circuit Court of Adair County, Missouri, based on an insurance policy issued on the life of Jens J. Hove, deceased. Summons, directed to the sheriff of Cole County, was issued and was served on the chief clerk to the Superintendent of the Insurance Department of the State of Missouri, the superintendent and deputy superintendent being absent. On the first day of the October Term, 1935, of said circuit court, appellant, appearing specially, filed its petition, etc., for the removal of said cause to the District Court of the United States. On November 8, 1935, said petition for removal was denied. Whereupon, and, on the same day, appellant, appearing specially, moved the court to stay further proceedings on the stated ground its petition for removal had lodged jurisdiction in the Federal District Court. Leading counsel for the respective parties being located in different cities, correspondence passed between them relative to appellant's attempt to have the Federal District Court assume jurisdiction, a motion filed by respondents in the Federal Court to remand the cause, and the submission of the issues involved to the Federal Court on briefs. However, on December 10, 1935, the Circuit Court of Adair County took up appellant's motion to stay proceedings, overruled the same, entered judgment in favor of respondents and against appellant in the sum of $13,500, and on December 12 adjourned until court in course. Thereafter, additional correspondence passed between counsel with reference to the proceedings in the Federal Court and in January, 1936, the Federal Court remanded the cause. On February 12, 1936, during the regular February Term, 1936, of the Circuit Court of Adair County, appellant, having learned of the judgment, appeared specially and filed its motion to set aside the judgment theretofore rendered against it. On February 13, 1936, said motion to set aside was overruled. Appellant, appearing specially, thereafter filed its motion seeking a rehearing and a new trial with respect to the court's ruling on its said motion to set aside; and, upon the same being overruled, appealed.

I. On its face appellant's motion to set aside presented issues involving alleged irregularities patent upon the record and alleged errors of fact calling for the introduction of evidence *dehors* the record. Respondents say only three methods of procedure are available in trial courts to set aside and recall a judgment rendered at a former term—1st, a motion under the statute [Sec. 1101, R. S. 1929, Mo. Stat. Ann., p. 1396]; 2nd, an action in equity; 3rd, a motion in the nature of a writ of error *coram nobis*—; and that appellant proceeded by a motion in the nature of a writ of error *coram nobis,* because it was tried as such below, evidence being offered in support of the motion, and appellant did not proceed by a separate suit. [Jeude v. Sims, 258 Mo. 26, 37(I-V), 166 S. W. 1048, 1051(2, 4, 5, 7, 8); Harrison v. Slaton (Mo.), 49 S. W. (2d) 31, 34(2-5); Sims v. Thompson, 291 Mo. 493, 514(I), 236 S. W. 876, 880(1-4)] It may be well to briefly review the two motions.

Section 1101, supra, provides: ''Judgments in any court of record shall not be set aside for irregularity, on motion, unless such motion be made within three years after the term at which such judgment was rendered.'' The statute contemplates an assault upon an irregularity patent on the record. [Harrison v. Slaton, supra (3).] The motion in the nature of a writ of error *coram nobis* contemplates an assault upon an error of fact *dehors* the record. [Sims v. Thompson, supra.] The cases [authorities cited herein and those referred to in the cases cited] and the texts [among others, 5 Ency. Pl. & Pr. 27, II; 34 C. J., p. 390, sec. 601 et seq.; 2 Tidd's Prac. (4 Ed.), p. 1136; 2 Chitty's Blackstone's Comm. (1856 Ed.), Book 3, p. 406(4)] are to the effect that the ''irregularities'' or ''errors of fact'' must be such as would have prevented, if known, the rendition and entry of the judgment challenged, and are to be distinguished from ordinary judicial errors in a judgment reached in accord with established rules of procedure. For instance: ''An irregularity may be defined to be the want of adherence to some prescribed rule or mode of proceeding; and it consists either in omitting to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unseasonable time, or improper manner.'' [1 Tidd's Prac. (4 Ed.), p. 512; Showles v. Freeman, 81 Mo. 540, 543; Downing v. Still, 43 Mo. 309, 317.] See general discussions in Cross v. Gould, 131 Mo. App. 585, 594-600, 110 S. W. 672, 675; State ex rel. v. Riley, 219 Mo. 667, 681 et seq., 118 S. W. 647, 651 et seq. Craig v. Smith, 65 Mo. 536, 538, states: ''The motion to vacate and set aside the judgment for the alleged irregularity or error in fact in the rendition of it, may be regarded as in the nature of a writ of error *coram nobis,* or as warranted under the provisions of our statute authorizing a motion for that purpose to be filed within three years after such judgment was rendered.'' GRAVES, J., in State ex rel. v.

Riley, 219 Mo. 667, 682, 118 S. W. 647, 651, said: "In the case of Craig v. Smith, supra, there was both a patent error of record, i. e., the sheriff's return, which showed a *non est* as to the moving defendant, and an error of fact, in this that the attorneys representing two of the defendants (there being three including the movant) had filed an answer for defendants without specifying for which defendants the answer was intended, when they had no authority to appear for but two and not for the party filing the motion to vacate the judgment. The motion was filed within three years, and this court treated it both as a motion in the nature of a writ of error *coram nobis* and as a motion under the statute. . . ." That the two motions perform the same function or office—a direct attack to set aside a judgment after the term of rendition; and that the differences in the manner of proof (assault under the statute resting on matter the court will judicially notice; assault by way of *coram nobis* calling for extrinsic evidence) do not relate to the office or function of the motions see Scott v. Rees, 300 Mo. 123, 132, 253 S. W. 998, 1001.

Speaking generally, if, under the facts and circumstances of a given case, a judgment is subject to attack for irregularities patent upon the record and errors of fact *dehors* the record, we are of opinion the issues may properly be presented in the same motion.

II. One of appellant's assignments of error presents the contention that the court erred in overruling appellant's motion on the grounds respondents' petition failed to allege "that the policy sued on was a Missouri contract, or that the insured or beneficiary were, or ever had been, citizens or residents of the State of Missouri, or that the policy was applied for, issued or delivered in the State of Missouri, or that appellant was a foreign insurance corporation," and, hence, was insufficient "to authorize service of process upon the Chief Clerk to the Superintendent of the Insurance Department of the State of Missouri." Appellant cites authorities upon which it relies to sustain the assignment under "Point V" of its brief.

a. Under Craig v. Smith and the comment thereon in State ex rel. v. Riley, supra, respondents' contention that only matter of record proper—the process, return, pleadings and judgment—may be considered in connection with the assignment is not well taken, notwithstanding the issue presented on the face of the assignment apparently assaults alleged irregularities of record for which the motion under Section 1101 lies.

b. Quoting General Motors Accp. Corp. v. Lyman, 229 Mo. App. 455, 460, 78 S. W. (2d) 109, 112: " 'The writ [of error *coram nobis*] may not be used as a substitute for a motion for a new trial' "; respondents state this issue is proper subject-matter of review upon a writ of error under Sections 1034 and 1036, Revised Statutes 1929.

(Mo. Stat. Ann., pp. 1327 and 1330), and, since appellant filed its motion within one year after the rendition of the judgment questioned therein, appellant may not substitute *coram nobis* proceedings for a writ of error. The point is not well taken. The quoted case applies the observation to "error going to the merits of the cause" and expressly recognizes the propriety of *coram nobis* proceedings to reach error of fact defeating the power of the court to render the judgment. The substitution of a writ of error for *coram nobis* proceedings would preclude the establishment of errors of fact *dehors* the record essential to the relief contemplated under *coram nobis;* and the nature of review proceedings precludes the conviction of a trial court of error in respect to error of fact upon which it has not ruled or had an opportunity to err. Smith v. Moseley (Div. 2), 234 Mo. 486, 495(II), 137 S. W. 971, 974(5), ruled this court would not entertain a writ of error while a pending statutory motion afforded the trial court an opportunity to correct the irregularity. Fidelity, etc., Co. v. Schuchman (Div. 1), 189 Mo. 468, 482(I), 88 S. W. 626, 627, reversed and remanded a cause upon a writ of error for an irregularity patent upon the record proper where at the time of the determination of the review proceeding three years had elapsed since the rendition of the judgment. However, each case contains language to the effect that a litigant should avail himself of the remedy afforded by the statute for the correction of irregularities before instituting review proceedings attacking such irregularities. Said Section 1101 does not make the remedy there available exclusive or a condition precedent to review proceedings; and it appears to the writer if more than one method of procedure is available for the correction of irregularities of the nature here involved and the prevention of a miscarriage of justice, a litigant should be permitted to exercise his choice of methods. [See 4 C. J. S., p. 97, sec. 29; Siddell v. McMillan, 45 Okla. 800, 146 Pac. 911.] In any event, proceeding by motion under the statute whenever proper is in keeping with our code, has a tendency to eliminate delay, avoid unnecessary expense and labor and is the more appropriate.

c. Respondents also say proceedings under the statute may not be invoked to challenge the sufficiency of their petition. Appellant's motion attacked the jurisdiction of the court over its person; and insofar as the allegations of respondents' petition may be involved in the determination of such an issue, they are within the scope of the functions of a motion striking at the authority of the court to proceed and render the judgment questioned. [Shuck v. Lawton, 249 Mo. 168, 173, 155 S. W. 20, 21(1); Harrison v. Slaton (Mo.), 49 S. W. (2d) 31, 35(9).]

d. Service was had upon appellant, if at all, under Section 5894, Revised Statutes 1929 (Mo. Stat. Ann., p. 4495). Said section pro-

vides: "Any insurance company not incorporated by or organized under the laws of this state, desiring to transact any business by any agent or agents in this state, shall first file with the superintendent of the insurance department a written instrument or power of attorney . . . appointing and authorizing said superintendent to acknowledge or receive service of process issued from any court of record, . . . and upon whom such process may be served for and in behalf of such company, in all proceedings that may be instituted against such company, in any court of this state, . . . and consenting that service of process upon said superintendent, shall be taken and held to be as valid as if served upon the company, according to the laws of this or any other state. Service of process as aforesaid, . . . upon the superintendent, shall be valid and binding, and be deemed personal service upon such company, so long as it shall have any policies or liabilities outstanding in this state. . . ." Section 5895, Revised Statutes 1929 (Mo. Stat. Ann., p. 4498), authorizes service upon the chief clerk in the absence of the superintendent and deputy superintendent.

We quote, in order, the material recitals of the petition filed in the Circuit Court of Adair County, the return of the sheriff of Cole County and the judgment of the Circuit Court of Adair County:

"Plaintiffs state that defendant is a corporation duly organized and existing under and by virtue of law and engaged in the business of life insurance."

"Executed the within writ in the county of Cole . . . upon the within named defendant, The Aetna Life Insurance Company, a corporation, by delivering a true copy . . . to F. E. Murphy, Chief Clerk to the Superintendent of the Insurance Department of the State of Missouri. . . ."

"Now on this day this cause comes on for hearing, and the plaintiffs appearing and answering ready for trial, and the defendant having theretofore appeared in this court and having failed to answer herein, or to be present at this time, and therefore being in default. . . ."

Assuming the court in the judgment recital ". . . the defendant having heretofore appeared in this court . . ." intended to imply a general appearance by appellant, appellant is not precluded thereby from questioning that jurisdiction of the court over its person essential to the validity of the questioned judgment. [Cloud v. Pierce City, 86 Mo. 357, 366 et seq.; Norton v. Reed, 253 Mo. 236, 251, 161 S. W. 842, 846(4, 5); Woodruff v. Bunker-Culler L. Co., 242 Mo. 381, 386(II), 146 S. W. 1162, 1164; Laney v. Garbee, 105 Mo. 355, 360, 16 S. W. 831, 832].

It is essential to the efficacy of a judgment that the court have jurisdiction—jurisdiction over the person, with which we are here

concerned [State ex rel. v. Mueller (Mo. App.), 90 S. W. (2d) 171, 174(1)], as well as jurisdiction over the subject-matter. Prior to 1845 (see R. S. 1845, p. 610, sec. 3), no method existed for obtaining service on foreign insurance corporations in this State [Gold Issue M. & M. Co. v. Pennsylvania F. Ins. Co., 267 Mo. 524, 546, 184 S. W. 999, 1003]. Section 5894, supra, provides a method for obtaining substituted service upon foreign insurance corporations and that such service—substituted service duly had under said section—shall "be deemed personal service" [Cox v. American Ins. Co., 137 Mo. App. 40, 45, 119 S. W. 476, 478.] Said Section 5894 applies exclusively to foreign insurance corporations. Service thereunder is not according to the course, but is in derogation, of the common law. It has been held that a return of process disclosing substituted service, a departure from the common law although "deemed" equivalent to personal service when had in accord with due process, is insufficient to confer jurisdiction over the person of a defendant unless the return affirmatively shows, under a strict construction and unaided by reference to the statute, compliance with all essential requirements of the statute authorizing such service [Wealaka M. & M. Co. v. Lumbermen's M. Ins. Co., 128 Mo. App. 129, 133, 106 S. W. 573, 574; Hewitt v. Weatherby, 57 Mo. 276, 279, among others; and consult State ex rel. v. Ossing, 336 Mo. 386, 391, 79 S. W. (2d) 255, 257(4)]; and that said Section 5894 does not authorize service thereunder on causes of action accruing in and instituted by citizens of another state on policies issued or business transacted in foreign states [State ex rel. v. Landwehr, 318 Mo. 181, 191, 300 S. W. 294, 298]. Our circuit courts are courts of general jurisdiction, and any exercise of jurisdiction according to the course of the common law is attended by the presumption, absent matter of record contra, that jurisdiction existed over the person and the subject-matter. But, "it is very generally considered that there is no presumption of jurisdiction where a court, although it is one of general jurisdiction, exercises special statutory powers in a special statutory manner, or otherwise than according to the course of the common law, since, under such circumstances, the court stands, with respect to the special power exercised, on the same footing with courts of limited and inferior jurisdiction" [15 C. J., p. 831, nn. 35, 36; p. 842, n. 99; and, among others, Kansas City, etc., Railroad Co. v. Campbell, etc., Co., 62 Mo. 585, 588; St. Louis v. Gleason, 93 Mo. 33, 36, 37, 8 S. W. 348, 349; State ex rel. v. Grimm, 239 Mo. 340, 353(II), 143 S. W. 450, 453(3)]; and where a defendant is a nonresident, jurisdiction of the person must affirmatively appear of record [15 C. J. 831, n. 31; p. 841, n. 94.]

█ The quoted recitals of record contain no affirmative showing that the process served in the instant case was upon a foreign insur-

ance corporation; and we, therefore, are constrained to hold the trial court did not acquire jurisdiction over the person of appellant unless appellant conferred such jurisdiction upon the court. By way of analogy the better reasoned and the majority of the cases sustain appellant's position that the petition should contain allegations authorizing service in the manner here attempted. Respondents' petition contained no allegations justifying the inference that appellant was a foreign corporation. The service of process was not in accord with the common law. A court does not usually exercise its powers of its own motion. Wright v. Hink, 193 Mo. 130, 132, 91 S. W. 933, states: "In the absence of an allegation in the petition, or an affidavit filed with it, or thereafter filed, that said Alexander Nunn was a nonresident of this State, there was no authority to issue a summons for him beyond its limits, and the service of such summons, as to him, was a nullity." Shuck v. Lawton, 249 Mo. 168, 171, 173, 155 S. W. 20, 21, states: ". . . the petition says nothing about the nonresidence of defendants, or any of them, and makes no allegations upon which an order of publication could be based. Nor was an affidavit of nonresidence made and filed at any time." "Moreover, the record brought up by our writ shows a patent and blazing irregularity on its face, viz., an order of publication issued by a clerk without a particle of statutory right to do so." [Consult Monger v. New Era Assn., 145 Mich. 683, 688, 108 N. W. 1111, 1112; Gage v. Riverside Trs. Co., 156 Fed. 1002, 1003; Thornburg v. Bennett & Co., 206 Iowa, 1187, 1190, 221 N. W. 840, 842(4).

e. Prior to the entry of the questioned judgment appellant, appearing specially, filed its petition for the removal of the cause to the Federal Court and, upon the overruling of said petition, again appearing specially and "not entering its general appearance," filed its motion to stay proceedings upon the ground jurisdiction over the cause had become vested in the Federal District Court by reason of its petition for removal. Appellant's filing of its petition for removal did not constitute a general appearance [Electrolytic C. Co. v. Wallace, etc., Co., 328 Mo. 782, 788, 41 S. W. (2d) 1049, 1051(3, 4); and see generally 28 U. S. C. A., p. 649, sec. 81(II)]. But respondents say appellant's motion to stay entered appellant's general appearance. Sustaining the motion to stay would have ruled the court was without jurisdiction to then proceed. Whatever office the motion may have served, to hold it constituted a general appearance would be to extend its function beyond the scope of its substance in the very teeth of its expressed statement of a special and denial of a general appearance. A fair construction consistent with its language and stated purpose precludes any entry of appearance beyond that effected by the petition for removal. Hence, appellant did not enter a general appearance. [Consult Evansville G. Co. v. Mackler, 88 Mo.

App. 186, 189; Higgins v. Beckwith, 102 Mo. 456, 463, 14 S. W. 931, 933.]

█ III. We deferred taking up respondents' motion to dismiss appellant's appeal for failure to comply with our Rule 15 because we can dispose of it here more readily. While the motion attacked appellant's statement, its propriety is apparently conceded in respondents' suggestions. We find it proper. The statement is followed, in turn, by "assignments of error," "points and authorities" and the "argument." The other ground of the motion attacks the "points and authorities." Some statements of the "points" made by appellant may be subject to attack as abstract statements of the law, but when considered in connection with appellant's assignments of error the precise rulings and issues involved are set forth. See the quoted language of appellant in the first paragraph under II, supra, Campbell v. Campbell, 323 Mo. 1149, 1153, 20 S. W. (2d) 655, 656(1, 2), and Clay v. Owens, 338, Mo. 1061, 93 S. W. (2d) 914, 915 (1, 2), relied upon by respondents, when read in the light of appellant's said statement of the issue upon which we rule the case establish their nonapplicability.

Respondents' motion to dismiss is overruled; and the order of the trial court overruling appellant's motion to set aside the judgment is reversed and the cause is remanded with directions to sustain said motion and set aside said judgment. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.